**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42010**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 347** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 11, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSE LUIS GONZALES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction for possession of a controlled substance and unlawful possession of a firearm by a felon, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jose Luis Gonzales appeals from his judgment of conviction for possession of a controlled substance and unlawful possession of a firearm by a felon. He argues that the consent search of a bedroom in the residence he was visiting was unlawful and that he was illegally detained. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Officers went to the residence at which Gonzales was staying in search of a stolen computer. The victim of the theft reported that an individual known as "Joe" was staying at the residence and that "Joe" was involved in using and dealing drugs. An officer spoke with a tenant of the residence and requested consent to search for the stolen computer. After conferring with

1

her co-tenant, the tenant consented to a search of the residence. The officer encountered an individual who identified himself as "Joe," later identified as Gonzales, as he was coming down the hall from the area of the first bedroom. Gonzales told the officers that he did not live there, but occasionally stayed in the first bedroom, which was normally occupied by one of the tenants. Gonzales retrieved a backpack, a vest, and boots from that bedroom before the search began. In the bedroom, the officer discovered drug paraphernalia hidden under a large pair of pants. The officer then detained Gonzales and the tenants while the officer obtained a search warrant for the residence. During the subsequent search, the officer discovered methamphetamine and marijuana in Gonzales's vest and a firearm, baggies, and a scale in his backpack.

Gonzales was charged with possession of a controlled substance, unlawful possession of a firearm by a felon, two misdemeanors, and a sentencing enhancement for being a persistent violator of the law. He filed a motion to suppress, arguing that the officer lacked Gonzales's consent to search the first bedroom and that his detention was not supported by reasonable suspicion. The district court denied the motion, finding that the discovery of the drug paraphernalia in the bedroom under the circumstances justified detention of all persons staying in the residence, including Gonzales, and that the drug paraphernalia had been discovered during a search consented to by the tenants, who had common authority over the premises. Pursuant to a plea agreement, Gonzales pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), and unlawful possession of a firearm by a felon, I.C. § 18-3316(1); the remaining charges were dismissed and Gonzales reserved his right to appeal the denial of his motion to suppress. Gonzales appeals.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

2

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

**III.**

**ANALYSIS**

Gonzales argues that the district court erred in denying his motion to suppress. Specifically, he contends that he did not consent to the search of the bedroom, rendering the warrantless search invalid, and that the officer lacked reasonable suspicion to detain him while obtaining a search warrant. Thus, he claims, his constitutional right to be free from unreasonable searches and seizures was violated.[1]

**A.      Consent**

Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 231-32 (1973); *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the state has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). A voluntary consent to a search, given by either a defendant or a third party with actual authority over the place or item to be searched, will exempt a search from the warrant requirement. *United States v. Matlock*, 415 U.S. 164, 171 (1974); *Johnson*, 110 Idaho at 522-23, 716 P.2d at 1294-95; *State v. Dominguez*, 137 Idaho 681, 683, 52 P.3d 325, 327 (Ct. App. 2002).[2] Actual authority to consent to a search can come from common authority over the

---

[1]      Although Gonzales contends that both constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, we will rely on judicial interpretation of the Fourth Amendment in our analysis of Gonzales's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

[2]      Application of the constitutional safeguards against unreasonable searches and seizures initially depends on whether the person invoking protection had a justifiable, reasonable, or legitimate expectation of privacy that was invaded by some governmental action. *Smith v. Maryland*, 442 U.S. 735, 740 (1979). The defendant bears the burden of proving that he or she had a legitimate expectation of privacy in the place searched. *See State v. Spencer*, 139 Idaho 736, 739, 85 P.3d 1135, 1138 (Ct. App. 2004); *State v. Dreier*, 139 Idaho 246, 251, 76 P.3d 990,

3

premises, resulting from mutual use of the property by persons generally having joint access or control for most purposes, such as joint tenants. *Matlock*, 415 U.S. at 171 n.7; *State v. Brauch*, 133 Idaho 215, 219, 984 P.2d 703, 707 (1999). Thus, consent need not come directly from the person whose property is to be searched, but may come from a third party who possesses common authority over the premises. *State v. Aschinger*, 149 Idaho 53, 56, 232 P.3d 831, 834 (Ct. App. 2009); *State v. Fancher*, 145 Idaho 832, 838, 186 P.3d 688, 694 (Ct. App. 2008). The consent of one occupant with authority is insufficient only when another occupant is physically present and objecting to the search. *Georgia v. Randolph*, 547 U.S. 103, 114-15 (2006).[3]

Here, the district court found that the tenant who gave the officer permission to enter the residence and search for the stolen property was "the permanent tenant who stays in the [first] bedroom," "mutually used the bedroom" with Gonzales, and had "common authority over the

---

995 (Ct. App. 2003). Here, Gonzales has not provided argument or evidence establishing that he had a legitimate expectation of privacy in the bedroom; on the contrary, his argument has been that he was not sleeping at the residence, but merely used it to shower and wash his clothes. In other words, Gonzales has seemingly argued against having standing to challenge the constitutionality of the search. *Compare Minnesota v. Carter*, 525 U.S. 83, 89-90 (1998) (finding that defendants who were present in a residence for a few hours for a business transaction did not have standing to challenge the alleged search because they lacked a legitimate expectation of privacy in the place searched) *and State v. Palmer*, 138 Idaho 931, 935, 71 P.3d 1078, 1082 (Ct. App. 2003) (concluding that the defendant lacked standing to challenge a search because the defendant was not an overnight guest, had only known the informant-property owner for a week, and was present on the informant's property solely to manufacture methamphetamine) *with Minnesota v. Olson*, 495 U.S. 91, 98-100 (1990) (holding that there may be some instances, such as when a defendant is an overnight guest, in which a defendant may challenge the search of property owned or controlled by a third party). However, the state did not raise this issue either below or on appeal, and the district court assumed in its decision denying Gonzales's motion to suppress that Gonzales had a legitimate expectation of privacy in the place searched. Because such an assumption does not affect our holding in this case, we likewise assume--without deciding--that Gonzales had a legitimate expectation of privacy in the bedroom that was searched.

[3] A third party may alternatively be found to have apparent authority to consent to a search when an officer reasonably, even if erroneously, believes, based on the totality of the circumstances known at the time, that the third party possessed authority to consent. *Randolph*, 547 U.S. at 109; *Illinois v. Rodriguez*, 497 U.S. 177, 188-89 (1990); *Brauch*, 133 Idaho at 219, 984 P.2d at 707; *Aschinger*, 149 Idaho at 57, 232 P.3d at 835.

bedroom." Thus, the tenant's consent was all that the officer needed to lawfully search the bedroom. These findings were supported by substantial evidence in the record, including the tenant's statement to the officer indicating that Gonzales stayed in the tenant's bedroom occasionally and that, when Gonzales did so, the tenant slept on the couch. There was also no evidence that she was excluded from her bedroom when Gonzales was staying at the residence. Moreover, Gonzales was, at all relevant times, present and aware of the tenant's consent to search the residence. Assuming that he had the authority to do so, Gonzales did not revoke the tenant's consent or object to the officer's subsequent search of the first bedroom. As a result, the search was based on consent from a third party with common authority over the place to be searched and was, therefore, valid.

## B. Investigative Detention

A seizure that implicates the Fourth Amendment occurs when an officer, by means of physical force or show of authority, restrains a citizen's liberty. *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999); *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure may take the form of either an arrest or an investigative detention. *State v. Stewart*, 145 Idaho 641, 644, 181 P.3d 1249, 1252 (Ct. App. 2008). An investigative detention is a seizure of limited duration done to investigate suspected criminal activity and does not offend the Fourth Amendment if the facts available to the officer at the time gave rise to reasonable suspicion to believe that criminal activity was afoot. *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *Ferreira*, 133 Idaho at 479, 988 P.2d at 705; *State v. Dice*, 126 Idaho 595, 599, 887 P.2d 1102, 1106 (Ct. App. 1994); *State v. Knapp*, 120 Idaho 343, 347, 815 P.2d 1083, 1087 (Ct. App. 1991). Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *State v. Danney*, 153 Idaho 405, 409-10, 283 P.3d 722, 726-27 (2012); *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time. *United States v. Cortez*, 449 U.S. 411, 417-18 (1981); *Bishop*, 146 Idaho at 811, 203 P.3d at 1210; *State v. Perez-Jungo*, 156 Idaho 609, 615, 329 P.3d 391, 397 (Ct. App. 2014).

Here, Gonzales was detained while the officer obtained a warrant to search the rest of the residence. The officer had reasonable suspicion to believe that criminal activity involving illegal narcotics was afoot and that Gonzales was likely involved with that criminal activity, thereby

5

justifying Gonzales's investigative detention. A known citizen-informant advised the officer, based on the informant's first-hand knowledge, that an individual identified as "Joe" would be at the residence and that this individual purchased, used, and sold controlled substances. Unlike anonymous sources, tips made by known citizen-informants are presumed reliable because the informant's reputation may be readily assessed and the informant may be subject to criminal liability if the reported information is untruthful. *Bishop*, 146 Idaho at 812, 203 P.3d at 1211. When the officer first encountered him, Gonzales identified himself as "Joe" and matched the description of the individual identified as "Joe" by the known citizen-informant. Gonzales also acknowledged that he was temporarily staying at the residence. Moreover, a tenant of the residence confirmed that Gonzales was temporarily sleeping in the first bedroom, which was normally the tenant's room, and that she was sleeping on the couch while he was there. Gonzales was seen coming from the area of the first bedroom when the officers arrived, and Gonzales returned to that same area to retrieve his belongings. While searching the first bedroom from which Gonzales had just emerged, the officer discovered paraphernalia hidden underneath a pair of large pants that the officer described as too big to be worn by anyone in the residence except Gonzales. When confronted with the paraphernalia, Gonzales changed his story and denied that he was staying at the residence. Thus, the facts known to the officer at the time of the investigative detention gave rise to reasonable suspicion of criminal activity involving illegal drugs and that Gonzales was participating in that illegal activity. As a result, the investigative detention was lawful.

## IV.
## CONCLUSION

Gonzales has failed to establish that either the consent search or investigative detention violated his constitutional rights. Therefore, the district court did not err in denying Gonzales's motion to suppress. Accordingly, Gonzales's judgment of conviction for possession of a controlled substance and unlawful possession of a firearm by a felon is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.