947 P.2d 420

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Dennis KILBY, Defendant–Appellant.**

No. 23146.

Court of Appeals of Idaho.

July 24, 1997.

Review Denied Oct. 3, 1997.

* Justice McDevitt participated in this decision prior to his resignation.

Ratliff Law Offices, Chtd., Boise, for defendant–appellant. Terry S. Ratliff argued.

Alan G. Lance, Attorney General; Kenneth M. Robins, Deputy Attorney General (argued), Boise, for plaintiff–respondent.

PERRY, Judge.

Robert Dennis Kilby pled guilty to two counts of possession of sexually exploitative material. I.C. § 18–1507, –1507A. Kilby was also found guilty by a jury of two counts of sexual abuse of a minor, I.C. § 18–1506, and one count of lewd conduct with a minor, I.C. § 18–1508. Kilby appeals from his judgments of conviction on several grounds. First, he claims the district court erred in holding that he did not have standing to challenge a search warrant. Second, Kilby asserts the district court erred in ruling that the search warrant's deficiency was purged because Kilby consented to a subsequent search. Third, Kilby claims the district court erred in holding that his consent to the subsequent search sufficiently purged the "taint of the poisonous tree." Finally, Kilby argues that the district court erred in denying his motion to quash the grand jury indictment. We affirm.

## I.

## BACKGROUND

Kilby moved into a spare room of the residence of some friends in Mountain Home. While he was living there, Kilby assisted in the daily tasks of a day care business that was operated in the residence. This arrangement continued for approximately three years until allegations of sexual abuse surfaced from Kilby's activities at the day care business. In order to prevent the day care from being closed, Kilby's friends requested that Kilby move out until the allegations were resolved. Kilby relocated to a residence of a relative in King Hill.

While cleaning out Kilby's room, Kilby's friend discovered some pornographic material and contacted detective Barry of the Elmore County Sheriff's Office. Detective Barry obtained a search warrant for Kilby's room at the Mountain Home residence and seized the material. None of the items seized were determined to be illegal. On the basis of a disclosure by one of the children at the day care, Kilby was arrested for one count of lewd conduct with a minor. After his arrest, Kilby was interviewed by detective Barry. Kilby gave detective Barry oral and written consent to search his residence in King Hill and also a vehicle Kilby had left at the Mountain Home residence. The search of Kilby's vehicle resulted in the discovery of sexually explicit photographs of children. The search of Kilby's residence in King Hill resulted in the discovery of videotapes, including home footage of the three children of Kilby's friends in Mountain Home.

A grand jury indicted Kilby on two counts of sexual abuse of a minor, two counts of lewd conduct with a minor, and two counts of possession of sexually exploitative material. Kilby moved to suppress all the evidence obtained in the searches. The district court held that the warrant was defective, but ruled that Kilby had no standing to challenge the search of his room at the Mountain Home residence pursuant to the warrant. The district court also held that even though the search warrant was defective, the fruit of the poisonous tree doctrine did not apply because of Kilby's consent to the two subsequent searches. Kilby pled guilty to two counts of possession of sexually exploitative material. Kilby went to trial on the remaining charges. One of the two counts of lewd conduct with a minor was dismissed, and Kilby was found guilty by a jury of two counts of sexual abuse of a minor and one count of lewd conduct with a minor. The district court entered judgments of conviction and sentenced Kilby on the two counts of possession of sexually exploitative material to fixed terms of incarceration of five years. For the two counts of sexual abuse of a minor and one count of lewd conduct with a minor, the district court imposed aggregate terms of incarceration of fifteen years, with seven and one-half years fixed. All sentences were ordered to run concurrent. Kilby appealed.

## II.

## DISCUSSION

### A. Standing

Kilby claims the district court erred in ruling that he had no standing to challenge

the initial search of his room at the Mountain Home residence. The state asserts that Kilby is precluded from raising this issue because Kilby has failed to include a transcript of the suppression hearing as part of the appellate record.

It is the appellant's responsibility to provide an adequate record to substantiate his or her claims on appeal. *State v. Beason,* 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App.1991); *State v. Murinko,* 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App.1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Beason,* 119 Idaho at 105, 803 P.2d at 1011; *Murinko,* 108 Idaho at 873, 702 P.2d at 911. Rather, missing portions of the record must be presumed to support the action of the trial court. *State v. Mowrey,* 128 Idaho 804, 805, 919 P.2d 333, 334 (1996); *State v. Beck,* 128 Idaho 416, 422, 913 P.2d 1186, 1192 (Ct.App.1996). Without a transcript of the suppression hearing, we are unable to conduct a meaningful appellate review of Kilby's standing challenge. Thus, Kilby has failed to establish a record sufficient to support his claim, and we will not address this issue.

## B. Validity of Consent

Kilby claims the district court erred in ruling that any deficiency in the warrant was purged because Kilby consented to a subsequent search of his residence at King Hill and his vehicle located at the Mountain Home residence. Kilby argues that when he was interviewed while in custody, he was confronted with the illegally seized evidence from the first search and was informed by detective Barry that if he did not consent, the detective would be able to obtain a search warrant. Kilby claims he then acquiesced to the search of his residence at King Hill and his vehicle.

Kilby cites the United States Supreme Court's holding in *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) in support of his challenge. In *Bumper,* the owner of a house consented to a search when she was told by officers that they had a search warrant. The prosecution then relied upon the search being valid based

upon the consent given. The United States Supreme Court reversed the conviction, holding:

> A search conducted in reliance upon a warrant cannot later be justified on the basis of consent if it turns out that the warrant was invalid. . . .
>
> When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion—albeit colorably lawful coercion. Where there is coercion there cannot be consent.

*Bumper,* 391 U.S. at 549–50, 88 S.Ct. at 1792 (footnote omitted). Kilby claims the facts of his case concerning the consent issue are much more compelling than those stated in *Bumper.*

Our standard for reviewing a trial court's ruling on a suppression motion is bifurcated. Although we accept the trial court's findings of fact where supported by substantial evidence, we freely review the application of constitutional principles to the facts as found. *State v. Birkla,* 126 Idaho 498, 501, 887 P.2d 43, 46 (Ct.App.1994); *State v. Shepherd,* 118 Idaho 121, 122, 795 P.2d 15, 16 (Ct.App.1990).

A warrantless search may be conducted where there has been a voluntary consent to search. "The burden is upon the state to show, by a preponderance of the evidence, that a defendant's . . . consent to search was given freely and voluntarily. . . . . [T]he voluntariness of a consent to search must be determined from the totality of the circumstances." *State v. Aitken,* 121 Idaho 783, 784, 828 P.2d 346, 347 (Ct.App.1992) (citations omitted). The fact that the defendant is in custody "has never been enough in itself to demonstrate a coerced . . . consent to search." *Aitken,* 121 Idaho at 785, 828 P.2d at 348, *quoting United States v. Watson,* 423 U.S. 411, 424, 96 S.Ct. 820, 828, 46 L.Ed.2d 598 (1976).

As found by the district court, Kilby lacked standing to challenge the initial search of his room at the Mountain Home residence and the evidence seized. Because Kilby lacked standing to challenge the initial search, there

remains no issue as to whether his subsequent consent purged the search warrant's deficiency. We will address, however, whether Kilby's consent for the two subsequent searches was given freely and voluntarily.

■ Detective Barry interviewed Kilby after Kilby had been arrested on one count of lewd conduct with a minor. This charge stemmed from alleged sexual contact Kilby had with a four-year-old child at the day care. During the course of this interview, detective Barry commented that he had seized certain materials from Kilby's room in Mountain Home and that he wanted to search Kilby's residence at King Hill and Kilby's vehicle. Detective Barry also told Kilby that several of the children at the Mountain Home residence reported seeing pictures of naked children in Kilby's possession.

During this interview, detective Barry repeatedly told Kilby that Kilby did not have to consent to a search. Detective Barry never told Kilby that the detective had a search warrant or that he had the right to search Kilby's residence at King Hill and his vehicle. In fact, detective Barry told Kilby that if Kilby chose not to consent, detective Barry would have to obtain a search warrant. The facts of this case are therefore distinguishable from *Bumper*, where the officers falsely or erroneously stated that they had a legitimate right to search the area where the incriminating evidence was discovered. Accordingly, under the totality of the circumstances, we conclude that Kilby's consent to search his residence at King Hill and his vehicle at the Mountain Home residence was freely and voluntarily given.

## C. Fruit of the Poisonous Tree

Kilby alleges the district court erred in ruling that the fruit of the poisonous tree doctrine was inapplicable on the basis that Kilby's consent to the subsequent searches purged any taint resulting from the search warrant's deficiency. Kilby argues that because the initial search was invalid, and because he was improperly coerced into making a statement and consenting to the subsequent searches, the evidence obtained and

Kilby's statement that he possessed child pornography should be suppressed. In light of the determination that Kilby lacked standing to challenge the initial search, combined with our holding that Kilby freely and voluntarily consented to the subsequent search of his residence at King Hill and his vehicle, we conclude that the fruit of the poisonous tree doctrine is inapplicable to Kilby's case.

## D. Grand Jury Indictment

Kilby claims the district court erred in denying his motion to quash the grand jury indictment. On counts III and IV of the indictment which charged Kilby with possession of sexually exploitative material, Kilby asserts that the state failed to produce evidence to meet the commercial purpose element of the offenses as defined in I.C. § 18–1507. Kilby's claim is without merit. Kilby was indicted on counts III and IV under I.C. § 18–1507A. Idaho Code Section 18–1507A criminalizes possession of the same material as defined under I.C. § 18–1507, but eliminates the commercial purpose element. Therefore, under counts III and IV to which Kilby pled guilty, the state did not need to prove that Kilby possessed the material with a commercial purpose. Accordingly, the district court did not err in denying Kilby's motion to quash the grand jury indictment in this regard.

Kilby also asserts that detective Barry made improper statements and conclusions throughout the grand jury proceedings. In addition, Kilby claims that a tape of the alleged victims, produced by the Children at Risk Evaluation Services (CARES), was hearsay, and that there was no determination that the victims were unable to personally testify before the grand jury. Kilby asserts that, with this alleged inadmissible evidence stricken, the state failed to show probable cause for the issuance of the indictment. Thus, the counts in the indictment for which he was found guilty at trial should have been dismissed.

■ The state contends that, because Kilby received a fair jury trial, he should be precluded from challenging on appeal the sufficiency of the evidence or any other al-

leged procedural defect in the grand jury process. Accordingly, the state requests that we extend the Idaho Supreme Court's holding in *State v. Pratt*, 125 Idaho 546, 873 P.2d 800 (1993) to include errors connected with a grand jury proceeding. In *Pratt*, our Supreme Court held that when a defendant receives a fair trial, errors connected with the preliminary hearing will not afford a basis for disturbing the judgment of conviction. *Pratt*, 125 Idaho at 556, 873 P.2d at 810, *citing State v. Mitchell*, 104 Idaho 493, 500, 660 P.2d 1336, 1343 (1983). *See also State v. Amerson*, 129 Idaho 395, 400, 925 P.2d 399, 404 (Ct.App.1996); *State v. Maland*, 124 Idaho 830, 832, 864 P.2d 668, 670 (Ct.App.1993). We discern no significant difference between errors committed during the grand jury proceeding and errors committed during a preliminary hearing. Therefore, we adopt the reasoning of *Pratt* and hold that when a defendant has been found guilty following a fair jury trial, we will not examine on appeal any error stemming from the grand jury proceeding. *See United States v. Mechanik*, 475 U.S. 66, 70, 106 S.Ct. 938, 941–42, 89 L.Ed.2d 50 (1986) (because a jury subsequently convicted the defendant, any error connected with the grand jury proceedings was harmless beyond a reasonable doubt).

■ Therefore, we must now determine whether Kilby received a fair jury trial. Kilby argues that he did not receive a fair jury trial because of an outburst which occurred during jury voir dire improperly tainted the minds of the jury.[1] The outburst was a comment by a potential juror that Kilby was a pedophile. The district court dismissed the potential juror and cautioned the remaining jurors to disregard the dismissed juror's comment. The district court properly cautioned the jury to disregard the comment, and we will presume that the jury followed the instructions given by the district court. *See State v. Hedger*, 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989); *State v. Rolfe*, 92 Idaho 467, 471, 444 P.2d 428, 432 (1968); *State v. Boothe*, 103 Idaho 187, 192, 646 P.2d 429, 434 (Ct.App.1982). Thus, we conclude that Kilby has failed to show that he did not receive a fair jury trial due to the juror's outburst. Accordingly, because Kilby received a fair jury trial, Kilby's claims of error connected with the grand jury proceedings will not be examined.

### III.

### CONCLUSION

We conclude that the record on appeal is insufficient to review Kilby's standing challenge. We hold that Kilby's consent to the searches of his King Hill residence and his vehicle was given freely and voluntarily. Thus, we conclude that the fruit of the poisonous tree doctrine is inapplicable to this case. We also affirm the district court's denial of Kilby's motion to quash the indictment. Kilby's judgments of conviction and sentences are affirmed.

WALTERS, C.J., and LANSING, J., concur.

---

1. In Kilby's reply brief, Kilby raises as a separate issue whether the district court erred in denying his motion for a mistrial on the basis of the juror outburst during voir dire. We will examine the juror outburst issue only as it is pertinent to address Kilby's claim that he did not receive a fair trial. However, we will not address whether the district court erred in denying Kilby's motion for mistrial because this issue was raised for the first time in Kilby's reply brief. *Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995) (A reviewing court will not address an issue raised only in the reply brief.); *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993).