IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39649

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 337 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 22, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT ALAN FLORES, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order denying motion to suppress, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Judge

Robert Alan Flores, Jr. appeals from the district court's denial of his motion to suppress and judgment of conviction entered following his conditional guilty plea to possession with intent to deliver (methamphetamine), Idaho Code § 37-2732(a)(1)(A). We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Modesta Castro, Flores' mother, called police to report suspicious activity in the area of her apartment. Sgt. Galbreaith and another officer arrived and Ms. Castro invited them into her apartment. Shortly thereafter, other officers arrived but none of the officers noticed any suspicious activity outside Ms. Castro's apartment. In response to Sgt. Galbreaith's questioning, Ms. Castro mentioned that her adult son was staying in her apartment. Sgt. Galbreaith looked into each of the bedrooms and told Ms. Castro he did not see anyone in any of the bedrooms. Accompanied by two officers, including Sgt. Galbreaith, Ms. Castro walked to the back of her

apartment and called to her son. Flores emerged from the closet of one of the bedrooms with his hands in his pockets. Sgt. Galbreaith testified that he recognized Flores and that Flores is known to the Bonneville County Sherriff's Department. Sgt. Galbreaith drew his weapon and instructed Flores to show him his hands, which Flores ignored. Sgt. Galbreaith pushed Flores backward and repeated the instruction, which Flores then obeyed.

One of the officers asked Ms. Castro for permission to search the bedroom from which Flores had just emerged. The officer testified he received permission from Ms. Castro. A search revealed more than sixty grams of methamphetamine and Flores was charged with trafficking. Flores subsequently filed a motion to suppress the evidence located during the search of his mother's apartment on the grounds his mother had not consented to the warrantless search. The district court denied the motion. Flores pled guilty pursuant to a plea agreement, preserving his right to appeal the denial of his motion to suppress. Flores now appeals.

## II.

## ANALYSIS

Flores asserts that the district court erred when it denied his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Although a warrantless entry or search of a residence is generally violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The

2

voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen,* 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

The only issue presented on appeal is whether the district court's determination that Ms. Castro consented to the search of the closet is supported by substantial and competent evidence. At the suppression hearing, Officer Steel testified that Ms. Castro gave him consent to search the closet. However, Ms. Castro testified that Officer Steel did not ask for consent to search and that she never gave him consent to search either the closet or the apartment. Based upon all of the evidence, ultimately the district court believed the officer's testimony and made a factual determination that a valid consent to the search had been given. "Mindful" of the standard of review, which provides that the power to assess a witness's credibility resides in the district court, and requires factual findings that are supported by substantial and competent evidence are not to be second guessed on appeal; Flores contends that the district court's conclusion that his mother consented to the search of the closet was clearly erroneous. In support of his contention, Flores merely points to the conflicting testimony and asserts that the officer's testimony contained inconsistencies. We will not second guess the district court's credibility determination. The district court's finding that Ms. Castro consented to the search is supported by substantial and competent, albeit conflicting, evidence in the record. The district court properly denied Flores' motion to suppress.

## III.

## CONCLUSION

The district court's finding that Ms. Castro consented to the search is supported by substantial and competent evidence in the record. Therefore, the district court properly denied Flores' motion to suppress. Accordingly, the district court's denial of Flores' motion to suppress is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**

3