**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46228**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 5, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ERIN COLLEEN WATSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Erin Colleen Watson appeals from her judgment of conviction for possession of a controlled substance. Watson challenges the denial of her motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer conducted a traffic stop on a vehicle driven by Watson after the officer observed Watson commit traffic infractions. After stopping the vehicle, the officer made contact with Watson and noticed she was exhibiting behaviors that, in the officer's training and experience, indicated methamphetamine intoxication. The officer asked Watson if there were any active warrants for her arrest, if she had anything illegal in her vehicle, or if she opposed a

search of her vehicle. Watson responded that she could not "say no" to a search, later indicating she had waived her search and seizure rights in a parole agreement. After removing her from the vehicle, the officer again asked Watson if she objected to a search of her vehicle. Watson responded that she did not mind. The subsequent search of Watson's vehicle discovered methamphetamine and drug paraphernalia.

The State charged Watson with possession of a controlled substance, possession of drug paraphernalia, and a persistent violation enhancement. Watson filed a motion to suppress, arguing that law enforcement impermissibly extended the traffic stop to conduct a drug investigation. The district court denied Watson's motion, concluding that she consented to a search of her vehicle. Watson pled guilty to possession of a controlled substance, I.C. § 37-2732(c), preserving her right to challenge the denial of her motion to suppress. In exchange for Watson's guilty plea, the State dismissed the remaining charges. Watson appeals.

**II.**

**STANDARD OF REVIEW**

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

**III.**

**ANALYSIS**

Watson asserts that, although she is mindful the officer did not extend the traffic stop when he asked Watson about her wanted status, the presence of contraband in her vehicle or for permission to search, the district court erred in denying her motion to suppress. Specifically, Watson asserts that the officer lacked reasonable, articulable suspicion to extend and expand the traffic stop into a drug investigation. The State argues that the district court correctly concluded that the search of Watson's vehicle was proper based on its finding that Watson consented to the

2

search.  Alternatively, the State argues that the officer had reasonable, articulable suspicion to conduct a drug investigation and that the officer developed probable cause to believe the vehicle contained contraband while Watson was lawfully detained.  We hold that the search of Watson's vehicle was lawful because Watson consented to the search.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.  Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment.  *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995).  The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances.  *Id.*

Although a warrantless search is generally illegal and violative of the Fourth Amendment, such a search may be rendered reasonable by an individual's consent.  *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998).  In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence.  *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997).  The State must show that consent was not the result of duress or coercion, either direct or implied.  *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993).  The voluntariness of an individual's consent is evaluated in light of all the circumstances.  *Whiteley*, 124 Idaho at 264, 858 P.2d at 803.  Consent to search may be in the form of words, gestures, or conduct.  *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991).  Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances.  *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

The district court denied Watson's motion to suppress, concluding that she consented to a search of her vehicle.  Watson does not challenge this conclusion on appeal, nor does she claim that the consent was invalid or obtained during the course of an unlawful stop.  Rather, it is undisputed that the initial stop of Watson's vehicle was lawful and that she makes no argument on appeal that her consent was obtained at a time when the stop was not justified.  To the contrary, Watson acknowledges that the officer did not unlawfully prolong the stop by asking certain questions, including whether he could search.  Watson's only challenge on appeal is that

3

the facts available to the officer related to a drug investigation were insufficient for reasonable suspicion. However, Watson does not articulate any connection between this assertion and the district court's finding of consent, nor does she contend the district court erred in denying her motion based on consent. Therefore, Watson has failed to show the district court erred in denying her motion to suppress.

## IV.

## CONCLUSION

Watson has failed to show that the district court erred in denying her motion to suppress. Accordingly, Watson's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.