**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47025**

|  |  |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>JONAN JILL EDWARDS,<br><br>      Defendant-Appellant. | )<br>)  **Filed:  May 5, 2020**<br>)<br>)  **Karel A. Lehrman, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jonan Jill Edwards appeals from her judgment of conviction for possession of a controlled substance. Edwards argues the district court erred in denying her motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A sheriff's officer accompanied two agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives to Edwards's apartment to retrieve a firearm. Edwards had recently purchased the firearm, and a delayed background check revealed a criminal conviction that prohibited her from possessing a firearm under federal law. The officer, who was familiar with Edwards, knocked on the apartment's front door and identified himself. When Edwards opened

1

the door, the officer asked if he and the agents could enter the apartment. Edwards stepped aside and allowed the officer and agents inside.

Once inside the apartment, one of the agents sat with Edwards in the apartment's living area and began discussing the firearm while the other agent and the officer positioned themselves nearby in the adjoining kitchen. The agent standing in the kitchen then observed a partially filled syringe inside a plastic cup in the kitchen sink. After being alerted to the syringe's presence by the agent, the officer confronted Edwards about the syringe. Edwards admitted that the syringe contained methamphetamine, but asserted that it belonged to her daughter. A subsequent search of the apartment discovered additional methamphetamine and drug paraphernalia.

The State charged Edwards with one count of possession of a controlled substance and one count of possession of drug paraphernalia. Edwards moved to suppress the evidence obtained in her apartment, arguing that she did not consent to the warrantless entry into her apartment. The district court denied the motion. Prior to trial, the State dismissed the possession of drug paraphernalia charge. A jury found Edwards guilty of possession of a controlled substance. I.C. § 37-2732(c)(1). Edwards appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful that the district court's credibility determinations cannot be challenged on appeal, Edwards argues that the district court erred in concluding that the officer and agents lawfully entered her apartment. The State responds that the district court correctly concluded

that Edwards consented to the entry. We hold that Edwards has failed to show the district court erred in denying her motion to suppress.

Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

The district court concluded that Edwards voluntarily consented to the officer and agents entering her apartment. To support this conclusion, the district court credited as true the testimony of the officer and agents that Edwards consented to their entry into the apartment both verbally and by stepping aside to allow them inside. The district court also credited testimony from the officer and the agent who stood in Edwards' kitchen that they observed a partially filled syringe in the sink and that, when confronted with the syringe, Edwards admitted it contained methamphetamine. Edwards contends the district court erred because an affidavit she filed in support of her motion to suppress contradicts the testimony from the officer and agents. In that affidavit, Edwards averred that the officer pushed his way into her apartment without permission after she expressed a desire to speak with the officer and agents outside.

The district court is the arbiter of conflicting evidence; its determination of the weight, credibility, inferences, and implications thereof will not be supplanted by this Court's impressions or conclusions from the written record. *State v. Howard*, 155 Idaho 666, 673, 315 P.3d 854, 861 (Ct. App. 2013). The district court credited the officer's and agents' testimony

3

over Edwards' opposing affidavit. We will not disturb this credibility determination on appeal. Consequently, Edwards has failed to show that the district court erred in concluding she consented to the officer and agents entering her apartment.

## IV.

## CONCLUSION

The district court credited the testimony of the officer and agents that Edwards consented to their entry into her apartment. This credibility determination cannot be challenged on appeal. Thus, Edwards has failed to show that the district court erred in denying her motion to suppress. Consequently, Edwards' judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

4