**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51307**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 30, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| GREGORY DENNIS DRANEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Gregory Dennis Draney appeals from his judgment of conviction for possession of a controlled substance. Draney argues the district court erred in denying his motion to suppress his statements. Draney argues his statements should be excluded because the statements came after an officer exceeded the scope of a consensual search. The district court did not err in denying Draney's motion to suppress statements because there was no violation of Draney's Fourth Amendment rights during the search, thus, there is no basis to exclude the statements. The district court's order denying the motion to suppress and Draney's judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After observing a vehicle accelerate past them at a high rate of speed, Officers Webb and Salvas pursued the vehicle. The vehicle entered the freeway and shortly thereafter, crashed into

1

the center median. The officers approached and contacted the driver, Draney, who, at the officers' request, exited the crashed vehicle and stood at the rear bumper. Officer Webb noticed a pocket-knife clipped to Draney's right front pocket. Officer Webb removed the pocket-knife and inquired whether Draney had any weapons. Draney stated that he had a pocket-knife and gestured to his front right pocket. Officer Webb then asked, "Just the knife? Nothing else? Can I pat you down?" Draney responded, "you can, yes," but did not answer the question about whether he had any weapons. Officer Webb removed the pocket-knife but noticed there was still a bulge in Draney's right front pocket.

As Officer Webb began to pat Draney down, he felt an object in Draney's right front pants pocket. Officer Webb was unable to ascertain what the object was and whether it was a weapon. Officer Webb asked Draney what the object was and manipulated the contours of the object with his fingers for approximately three seconds. During those few seconds, Draney provided an inaudible response. Officer Webb immediately stopped manipulating the object, placed his hand on Draney's waistband, leaned closer, and asked what Draney said. Draney responded, "You can grab it." Officer Webb again asked what the object was and manipulated the object again for only a second before Draney admitted that it was cocaine. Officer Webb then put gloves on and retrieved the object, which was a cardboard box approximately the size of a pack of gum. The contents of the carboard box were field tested and the results indicated the substance was cocaine.

The State charged Draney with possession of a controlled substance, Idaho Code § 37-2732(c), and reckless driving, I.C. § 49-1401(1)(2). Draney filed a motion to suppress the evidence seized, arguing that Officer Webb violated Draney's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, section 17, of the Idaho Constitution. Specifically, Draney sought suppression of his admission that he possessed cocaine and his consent for Officer Webb to remove the cocaine. Draney also sought suppression of the cocaine. In his memorandum in support, Draney argued that, as relevant to this appeal, although he voluntarily consented to a *Terry*[1] frisk, Officer Webb exceeded the permissible scope of Draney's consent when he manipulated the contents of Draney's pocket and twice asked Draney what was in his pocket.

---

[1]       *Terry v. Ohio*, 392 U.S. 1 (1968).

The district court denied Draney's motion to suppress, holding that three seconds was not an unreasonable amount of time to allow Officer Webb to feel the object's size and density until he could reasonably assure himself the object was not a weapon. The district court concluded that the consensual *Terry* frisk was lawful, there was no violation of Draney's Fourth Amendment rights, and Draney's statements and the physical evidence were admissible. The district court alternatively held that the cocaine was admissible pursuant to the inevitable discovery exception to the exclusionary rule. Draney entered into a conditional plea agreement, where he pleaded guilty to possession of a controlled substance, the State dismissed the reckless driving charge, and Draney reserved his right to appeal the district court's denial of his motion to suppress. Draney appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Draney does not challenge the district court's decision to deny his motion to suppress the physical evidence, including the cocaine, based on the inevitable discovery exception to the exclusionary rule. Thus, the only issue before this Court is whether the district court erred by denying Draney's motion to suppress his statements. Draney argues that because Officer Webb exceeded the scope of the consensual *Terry* frisk by manipulating the object in Draney's pocket, Draney's subsequent statements must be excluded as they were derived from the illegal search. The State responds that the district court did not err because the object in Draney's pocket could not have been immediately ruled out as being a weapon or contraband and so Officer Webb could manipulate the object until he could reasonably assure himself the object was not a weapon.

3

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore, violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id*. A warrantless search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). Evidence obtained in violation of the Fourth Amendment is subject to exclusion. The exclusionary rule requires the suppression of "primary evidence obtained as a direct result of an illegal search or seizure" as well as "evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" *Segura v. United States*, 468 U.S. 796, 804 (1984) (citations omitted).

The parties agree that Draney consented to a *Terry* frisk but disagree as to whether Officer Webb exceeded the scope of that consent. It is well settled that when the basis for a search is consent, the State must conform its search to the limitations placed upon the right granted by the consent. *State v. Greub*, 162 Idaho 581, 585, 401 P.3d 581, 585 (Ct. App. 2017). Generally, the scope of a search is defined by its expressed object. *Id*. The parties also agree that because this was a limited consensual search for weapons, the *Terry v. Ohio*, 392 U.S. 1 (1968) standard applies. That standard defines a pat search as a "limited" pat-down search of the outer surfaces of a person's clothing "in an attempt to find weapons." *Id*. at 30.

The district court made factual findings and applied the *Terry* standard to conclude Officer Webb did not exceed the scope of Draney's consent. The district court found: (1) the bulge was a hard object, not something soft that Officer Webb could immediately rule out as a weapon or identify as contraband; (2) the manipulation of the object occurred for only three seconds and, at that time, Officer Webb had not ruled out that the object could be a weapon; and (3) that Draney gave consent to remove the object before the object was identified. In light of those facts, the district court held that the *Terry* frisk was lawful because, given the nature of the object, three seconds was not an unreasonable amount of time to allow Officer Webb to manipulate the object

4

to rule out that it was a weapon. Even then, the district court found that Officer Webb was unable to ascertain what the object was, weapon or otherwise.

Draney argues that the district court erred because the item Officer Webb felt was not a weapon or anything that could cause immediate harm to the officer, so the district court's finding that the object was "hard" was not supported by the testimony or evidence. However, on cross-examination, the following exchange occurred:

| DEFENSE: | You touched that, and at that point in time it was--and you pulled something out of his pocket, correct? What was ultimately the cocaine, correct? |
| OFFICER WEBB: | Yes. |
| DEFENSE: | And it was like in a little cardboard box? |
| OFFICER WEBB: | I think so, yes. A cardboard container. |

Given this testimony, it was not unreasonable for the district court to infer the object was hard and thus, the court did not err in considering that fact.

Draney also argues that even if the object was a "hard" object, the State failed to present any evidence or authority to show that an object of that shape and size could have been a weapon. Draney's additional argument fails because the State was not required to demonstrate an object of that shape and size could have been a weapon. Instead, the standard is whether the officer is able to reasonably determine from the initial pat-down that the bulge is not a weapon. *State v. Watson*, 143 Idaho 840, 844, 153 P.3d 1186, 1190 (Ct. App. 2007). If an officer is unable to make an objectively reasonable determination that an object causing a bulge under a person's clothing is not a weapon by feeling its size and density, the officer is entitled to further invade the person's privacy only to the extent necessary to make a determination. *Id.* at 845, 153 P.3d at 1191. Thus, all that was required for Officer Webb to continue the *Terry* frisk was an objectively reasonable determination that he could not discern whether the bulge in Draney's pocket was a weapon.

Here, Officer Webb testified that he "didn't have a clue" what the object was. When defense counsel asked, "Okay. But you didn't think a little carboard box could be a weapon?" Officer Webb responded, "I didn't know what it was." In light of that testimony, the district court did not err in finding Officer Webb was constitutionally permitted to manipulate the object until he could determine it was not a weapon. At that point, Draney confessed to what the object was, and he has offered no basis from which to conclude that his confession was somehow the involuntary product of the frisk. Therefore, this case is unlike those where an officer establishes that an item is not a weapon or contraband but still proceeds to take the object off the suspect's

5

person. *See Minnesota v. Dickerson*, 508 U.S. 366, 378 (1993) (finding that an officer's continued exploration of suspect's pocket after concluding that it contained no weapon was constitutionally invalid); *State v. Faith*, 141 Idaho 728, 730, 117 P.3d 142, 144 (Ct. App. 2005) (holding that "After satisfying themselves that the item was a container and not a weapon . . . the officers had no valid reason to further invade [the suspect's] right to be free of police intrusion absent reasonable cause to arrest him.").

Here, the district court concluded Officer Webb was not, and had no reason to be, satisfied that the item was not a weapon because the evidence suggested otherwise. Therefore, the district court concluded Officer Webb was entitled to feel the object's size and density until he could reasonably assure himself the object was not a weapon. The district court did not err in concluding Officer Webb did not exceed the scope of the consensual pat down for weapons and, thus, there was no Fourth Amendment violation that would justify the suppression of the evidence.

Because there was no Fourth Amendment violation, the exclusionary rule does not apply. The district court did not err in denying Draney's motion to suppress his statements.

## IV.

## CONCLUSION

The district court did not err in denying Draney's motion to suppress his statements because the consensual frisk was lawful. Therefore, the district court's order denying the motion to suppress and Draney's judgment of conviction are affirmed.

Judge LORELLO and Judge Pro Tem MELANSON, **CONCUR**.