# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52520

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 8, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAKE ALLISTER MARTIN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction for robbery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Alison C. Jaros, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jake Allister Martin appeals from his judgment of conviction for robbery. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A man wearing a camouflage mask robbed a bank. After reviewing surveillance video footage and identifying a vehicle license plate number, a police officer identified the primary suspect as Martin. The police officer learned that Martin was on felony probation and contacted his probation officer. Martin's probation officer told the police officer that, as a condition of Martin's probation, he signed a waiver of his Fourth Amendment right against unreasonable searches and seizures. Pursuant to the probation agreement waiver, Martin consented to searches

1

by "any agent" of the Idaho Department of Correction (IDOC). Martin's probation officer then informed the police officer that Martin was "due" for a probation search.

In the following days, Martin's probation officer went to Martin's residence to conduct a search of his person, residence, and vehicle. Gloves found in Martin's vehicle matched the ones worn by the robber. Upon discovering the gloves, Martin's probation officer contacted local law enforcement to assist with the continued search of Martin's residence and vehicle. Two law enforcement officers arrived and subsequently located additional suspected items used in the robbery in Martin's vehicle and residence.

The State charged Martin with robbery. Martin filed a motion to suppress, arguing that his probation agreement waiver was invalid, the search of his residence violated the waiver, and no other exception to the warrant requirement applied. Following a suppression hearing, the district court denied Martin's motion, concluding that he provided valid consent as part of his probation agreement. Martin entered a conditional guilty plea to robbery (I.C. §§ 18-6501 and 18-6502), reserving his right to appeal the denial of his motion to suppress. Martin appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

"Mindful" of this Court's decision in *State v. Armstrong*, 158 Idaho 364, 347 P.3d 1025 (Ct. App. 2015), Martin asserts the district court erred in denying his motion to suppress. Specifically, Martin argues that the Fourth Amendment waiver in his probation agreement was limited to searches conducted by agents of the IDOC, not law enforcement. The State argues that

the search was lawful pursuant to his probation waiver and the search conformed to the waiver's language. We hold that Martin has failed to show that the district court erred in denying his motion to suppress.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). Fourth Amendment waivers are viewed under the scope of consent searches. *State v. Maxim*, 165 Idaho 901, 907, 454 P.3d 543, 549 (2019). When evaluating the scope of a Fourth Amendment waiver, the court must examine the language used in the probation condition to determine whether the search was objectively reasonable. *State v. Jaskowski*, 163 Idaho 257, 261, 409 P.3d 837, 841 (2018).

The waiver in Martin's probation agreement provides:

> SEARCH: I consent to lawful searches by any agent of the IDOC and understand that searches may be conducted of my person, residence, vehicle, personal property, and other real property or structures owned or leased by me, or for which I am the controlling authority. I hereby waive my Fourth Amendment rights under the Idaho and United States Constitutions concerning searches.

The district court found that, pursuant to the foregoing waiver, Martin consented to searches "by any agent of the IDOC." The district court determined that it was the probation officer's decision to conduct the search of Martin's person, residence, and vehicle. The district court found that, when Martin's probation officer received information from law enforcement, the search was not tainted. The district court further found the search was reasonable because the law enforcement officers "were clearly acting as agents of the [IDOC]" in their assistance of the probation officer conducting the search. As such, the district court concluded the search did not violate the Fourth Amendment waiver in Martin's probation agreement.

Martin argues that the waiver was limited to searches conducted by agents of the IDOC, not local law enforcement. Martin makes his arguments "mindful" of this Court's decision in *Armstrong*, 158 Idaho 364, 347 P.3d 1025. There, we held that, if a parole or probation officer is

justified in making a search, he or she may enlist the aid of police officers in performing that duty. *Id.* at 370, 347 P.3d at 1031. We further noted that mutually beneficial cooperation between law enforcement officials and parole officers is not precluded. *Id.* The search here was initially conducted by Martin's probation officer, and Martin does not dispute that his probation officer is employed by the IDOC. It was not until Martin's probation officer discovered the gloves that were suspected in the robbery that law enforcement officers were contacted to aid in the search. We agree with the district court that the law enforcement officers were properly acting as agents of the IDOC. Accordingly, the district court did not err in denying Martin's motion to suppress.

## IV.

## CONCLUSION

Martin has failed to show the district court erred when it denied his motion to suppress because law enforcement officers were acting as agents of the IDOC when the search was conducted. Therefore, Martin's judgment of conviction for robbery is affirmed.

Chief Judge TRIBE and Judge HUSKEY, **CONCUR**.