**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46480**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 20, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LEON THOMAS CAZIER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction for felony domestic battery, affirmed.

Fyffe Law; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Leon Thomas Cazier appeals from the district court's judgment of conviction after a jury found him guilty of felony domestic battery in the presence of a child. Cazier alleges three errors on appeal: (1) the district court violated Cazier's right to an impartial jury when it denied Cazier's request to voir dire the jury during trial; (2) the State committed misconduct in its closing argument; and (3) the jury failed to identify and unanimously agree on the acts that constituted the offense. For the reasons set forth below, we affirm the district court's judgment of conviction.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

After his wife was hospitalized, Cazier was charged with felony domestic battery in the presence of a child, Idaho Code §§ 18-903, 18-918(2)(a), 18-918(4).[1] The case proceeded to trial. During trial, Cazier notified the district court of an article published in the local newspaper that was related to the case. Cazier explained the article was not an accurate representation of the case and he was worried the jurors might have seen the article or spoken to someone about the article. For those reasons, Cazier requested the opportunity to question the jurors about whether they received information outside the trial relating to the case and whether anyone attempted to speak to them about the trial. The district court denied Cazier's request to voir dire the jury.

During closing argument, the State played portions of a video interview. Cazier objected and argued the playing of the video was cumulative, and the district court overruled the objection. Cazier objected several more times to the playing of other video and audio recordings during the State's closing on the basis that the evidence was cumulative. The additional objections were also overruled.

The jury was instructed that in order to find Cazier guilty of felony domestic battery, the State must prove Cazier committed a battery upon his wife in one of four potential ways.[2] The jury was also instructed it must unanimously agree on the mechanism of injury and the defendant's guilt.[3] The jury found Cazier guilty of domestic battery in the presence of a child.

---

[1]    In the original information, the State also charged Cazier with attempted strangulation, Idaho Code § 18-923. The State later amended the information and dismissed this charge.

[2]    Instruction No. 12 instructed the jury, in part, the State must prove:

[T]he defendant LEON THOMAS CAZIER committed a battery upon [wife] by covering her mouth and/or nose which obtructed [sic] her breathing; and/or by placing his hand(s) around her neck and squeezing or in another manner strangling her; and/or by sitting on her torso; and/or by causing water to enter her nose and/or mouth.

[3]    Instruction No. 17 stated:

You are instructed that when the evidence indicates that more than one criminal act or incident, separated by a discrete period of time and circumstance from any other similar act or incident, may have been committed by the defendant, and the defendant is formally charged with a single count of criminal conduct, jury unanimity as to a single agreed upon act or incident is required. The

2

The district court sentenced Cazier to a unified sentence of twenty years, with fifteen years determinate. Cazier timely appeals.

## II.

## ANALYSIS

### A. The District Court Did Not Err When It Denied Cazier's Request to Voir Dire the Jury

Cazier argues the district court abused its discretion when it did not allow Cazier to conduct a voir dire regarding the news coverage during trial. According to Cazier, the district court's ruling violated Cazier's right to an impartial jury as provided by the Idaho and United States Constitutions.

The determination whether a juror can render a fair and impartial verdict is directed to the sound discretion of the district court and will not be reversed absent a showing of abuse of discretion. *State v. Moses*, 156 Idaho 855, 863, 332 P.3d 767, 775 (2014). Similarly, when reviewing the limitations a district court placed on voir dire, this Court applies the abuse of discretion standard. *Id.* Here, because a trial court's discretionary decision is reviewed on appeal, this Court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Cazier argued to the district court that he was concerned about "the possibility of a juror having seen the article, or in the alternative, having had someone spoken to them about the article." Cazier asked the district court to voir dire every juror about whether they received any information outside of trial and whether anyone had attempted to speak with them about the trial. The State objected, arguing the jury had been instructed numerous times not to consider or pay attention to anything occurring outside the courtroom that related to the trial. The district court

---

charge against the defendant must be proven beyond a reasonable doubt. Therefore, in order for you to find the defendant guilty of Domestic Battery as charged, you are instructed that all 12 jurors must agree that the same underlying criminal act or incident has been proved beyond a reasonable doubt and that the same underlying traumatic injury has been proved beyond a reasonable doubt. Whether any criminal act or incident has been committed is for you to decide.

declined Cazier's request to voir dire the jury about the newspaper article. Cazier argues the district court abused its discretion because it did not reach its decision to deny voir dire by an exercise of reason. The error, according to Cazier, resulted in potentially tainted jurors remaining on the jury.

The district court did not abuse its discretion when it denied Cazier's request to voir dire the jury regarding the newspaper article. The district court considered Cazier's request and agreed an article recently published in the newspaper did not adequately or accurately describe what was happening in the courtroom. Nonetheless, the district court did not find it necessary to question the jury regarding the article because the jury had already been adequately instructed to not consider outside information. Additionally, no jurors had approached the bailiff or informed the court that they read the newspaper article or had been spoken to by anyone regarding the trial. The district court presumed the jurors were following the instructions they were given due to the absence of information to the contrary.

Cazier has not demonstrated the district court erred. First, the jury instructions in this case confirm the district court's finding that the jury had been properly instructed. The district court instructed the jury not to discuss the case with anyone or to conduct a personal investigation into the case. *See* Instruction No. 1.[4] The jury was also instructed not to read or listen to any news reports about the case. *See* Instruction No. 8.[5] Second, the district court is

---

[4] Instruction No. 1 stated:

During the course of this trial, including the jury selection process, you are instructed that you are not to discuss this case among yourselves or with anyone else, including any use of email, text messaging, tweeting, blogging, electronic bulletin boards, or any other form of communication, electronic or otherwise. Do not conduct any personal investigation or look up any information from any source, including the Internet. Do not form an opinion as to the merits of the case until after the case has been submitted to you for your determination.

[5] Instruction No. 8 stated, in part:

It is important that as jurors and officers of this court you obey the following instructions at any time you leave the jury box, whether it be for recesses of the court during the day or when you leave the courtroom to go home at night.

Do not discuss this case during the trial with anyone, including any of the attorneys, parties, witnesses, your friends, or members of your family. "No discussion" also means no emailing, text messaging, tweeting, blogging, posting

correct to presume the jury followed the instructions it was given. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Third, Cazier provides no evidence that any jurors read the newspaper article at issue, were approached by someone about the case, or disregarded the instructions provided by the district court. At most, Cazier claims the jurors were "potentially tainted," which is not enough to show error. Thus, no constitutional violation occurred, and the district court did not abuse its discretion when it denied Cazier's request to voir dire the jury about a newspaper article.

**B.      The State Did Not Violate Cazier's Constitutional Rights During Closing Argument**

Cazier asserts the State committed misconduct in its closing argument. Cazier claims the State's use of media during closing argument, over Cazier's objections, was misconduct which violated Cazier's constitutional right to a fair trial. The State responds that Cazier failed to preserve this issue for appeal, and even if he did, the State did not commit misconduct in closing argument and any error was harmless.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Appeals to emotion, passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Phillips*, 144 Idaho at 87, 156 P.3d at 588; *see also State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Pecor*, 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct. App. 1998).

The State played portions of audio and video exhibits during closing argument. Cazier objected to the use of the exhibits on several occasions and argued they were cumulative because the jury already heard the recordings and would be able to play them during deliberation. After

---

to electronic bulletin boards, and any other form of communication, electronic or otherwise.

the first objection, the district court agreed the jury had the ability to review the exhibits at any time during deliberation, but allowed the State to proceed. After a standing objection by Cazier, the district court further explained that closing argument is to help the jury understand the evidence, not to replay the evidence. The district court nonetheless allowed the State to proceed. During the State's rebuttal, Cazier objected for a third time when the State began playing an audio exhibit. After the district court expressed additional concern about the State's use of exhibits during the closing argument, the State agreed to move on. The State introduced another audio recording, to which Cazier also objected. The State responded that it wanted to play just a small portion of the 9-1-1 call, which the district court allowed. Finally, during the last audio exhibit, Cazier renewed his objection, and the district court explained that it has discretionary control over the time allowed for closing argument, and the court requested the State finish its argument.

Cazier has not shown the State's closing argument constituted misconduct. A party may utilize admitted evidence during closing argument. *State v. Baker*, 161 Idaho 289, 300, 385 P.3d 467, 478 (Ct. App. 2016). Here, the State did not err when it utilized admitted evidence during its closing argument because the evidence had been previously admitted and the State was not urging the jury to render a verdict on factors other than the evidence. *See State v. Erickson*, 148 Idaho 679, 685, 227 P.3d 933, 939 (Ct. App. 2010). Similarly, Cazier has not shown how the district court's evidentiary rulings during closing argument were error. Although the district court expressed concern with the State replaying recordings, it correctly overruled Cazier's objections. Thus, Cazier has failed to show how his constitutional right to a fair trial was violated.

## C. The District Court Did Not Err When It Instructed the Jury and Sentenced Cazier

Cazier claims the jury failed to identify and unanimously agree on the act that constituted the verdict in the case. Thus, according to Cazier, the district court improperly sentenced Cazier under the assumption Cazier was guilty of the most serious battery offense on the charging document.

Cazier presents several arguments on this issue. Cazier first claims the jury was required to find the mechanism of injury. While this is true, the record demonstrates the jury was instructed in Instruction No. 17 that it had to be unanimous "as to a single agreed upon act or

incident." We presume the jury followed the instructions and there is no indication otherwise. *See Kilby*, 130 Idaho at 751, 947 P.2d at 424.

Next, Cazier argues he was accused of distinct offenses, and thus, had a right for the jury to determine each element of the offense. However, Cazier was charged with only one crime in this case--domestic battery. While it is true that the charged crime could have been committed in different ways, the jury was properly instructed that it must determine each element of the offense beyond a reasonable doubt.[6] Also, to the extent Cazier cites to *Blakely v. Washington*, 542 U.S. 296 (2004) for support of his arguments, *Blakely* is inapplicable to Idaho's sentencing scheme. *State v. Stover*, 140 Idaho 927, 931, 104 P.3d 969, 973 (2005).

In addition, Cazier asserts the district court improperly sentenced him under the assumption Cazier was guilty of the most serious battery offense on the charging document because the verdict form did not indicate the unanimous mechanism of injury. The district court, according to Cazier, imposed a harsh sentence which may have been for a different crime than what the jury determined. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Here, Cazier has not shown that the district court abused its discretion during sentencing. Courts have broad latitude in sentencing and consider a wide scope of relevant information. The

---

[6]     *See* Instruction Nos. 17 and 25.

district court in this case could consider the injuries sustained by the victim in crafting an appropriate sentence. There is no evidence the sentence imposed on Cazier was illegal or outside the statutory guidelines. Furthermore, the district court did not consider a crime for which Cazier might have been acquitted because Cazier was convicted of the only crime with which he was charged--domestic battery. There is no evidence the district court considered inappropriate or unconstitutional information when it imposed the sentence, and a harsh sentence is not, by itself, evidence that the district court imposed an unreasonable sentence. Cazier therefore has failed to demonstrate an abuse of discretion in the sentence imposed.

## III.

## CONCLUSION

For the reasons set forth above, we affirm the district court's judgment of conviction.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.