**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47809**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  May 20, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RICHARD L. MARTIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael J. Reardon, District Judge.

Order denying motion for mistrial, <u>affirmed</u>; judgment of conviction and sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Richard L. Martin appeals from the district court's judgment of conviction for rape and battery with intent to commit a serious felony.  Martin argues that the district court erred by denying his motion for a mistrial and by imposing an excessive sentence.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Martin was charged with rape, Idaho Code § 18-6101, and battery with the intent to commit a serious felony, I.C. §§ 18-903, 18-911.  At trial, the State presented testimony from the victim (A.B.).  A.B. testified that she and her fiancé were friends with Martin and his wife, Michelle.  On the weekend in question, A.B.'s fiancé was out of town and A.B. attended a Saturday evening party with Martin, Michelle, and two of their neighbors.  After A.B. consumed

1

alcohol, Michelle offered to let A.B. stay at their house. After the party, she was intoxicated and Martin helped A.B. walk from the neighbor's house to his house. Once there, Martin helped A.B. to the couch. A.B. asked Martin for a bowl because she felt nauseous. A.B. testified that the next thing that she remembered was Martin on top of her with A.B.'s pants down and pressure on her vagina. A.B. testified that she pushed against Martin and told him to stop. At that point, Michelle and one of the neighbors walked into the house. Martin was standing in the living room naked and yelled at the neighbor to leave, which he did. A.B. testified that thereafter, Martin and Michelle began "screaming" and "argu[ing]" with one another. A.B. testified that "after the fighting," the couple closed their bedroom door and it was quiet.

The next morning, A.B. left the Martins' home and noticed that she was being followed by a vehicle belonging to the Martins. The vehicle began flashing its lights at A.B. A.B. testified that she pulled over because she assumed that it was Michelle wanting to discuss the previous night's events. According to A.B.'s testimony, Martin approached her vehicle and stated that they had "unfinished business to do." A.B. testified that Martin removed her from her vehicle, walked her to his vehicle, pulled her pants down, pushed her into the backseat of his vehicle, and had sexual intercourse with A.B. Ultimately, A.B. reported both events to law enforcement.

At trial, on redirect examination and when inquiring about why A.B. did not resist during the encounters, the prosecutor asked A.B. "Did you feel that you would win in a fight with [] Martin if you decided to claw, punch and scream?" In reply, A.B. stated, "No. And after seeing how he was violent with his wife the night before, I didn't think that that would be--." Martin objected to A.B.'s statement. The district court sustained the objection and instructed the jury to disregard the statement. Thereafter, Martin moved for a mistrial based on A.B.'s statement. The district court denied Martin's motion. Later, Martin testified in his own defense. Martin did not deny that he and A.B. engaged in the sexual encounters. However, Martin contended that both encounters were consensual. Ultimately, the jury found Martin guilty of rape and battery with the intent to commit a serious felony. The district court sentenced Martin to twenty years imprisonment with six years determinate for the rape conviction, and a concurrent sentence of ten years with six years determinate for the battery with intent to commit a serious felony conviction. Martin timely appeals.

## II.

## ANALYSIS

On appeal, Martin argues that the district court erred by denying his motion for a mistrial and by imposing an excessive sentence. We will address each of his contentions in turn below.

### A. Motion for Mistrial

Martin contends that the district court erred by denying his motion for mistrial because A.B.'s erroneously admitted statement was highly prejudicial and deprived Martin of a fair trial. Martin argues that the information invited the jury to speculate about whether Martin was a person who beat his wife. Martin contends that this could have resulted in juror bias against Martin and caused the jurors to doubt Martin's version of events. In response, the State argues that the district court did not err by denying Martin's motion for a mistrial. The State contends that A.B.'s statement did not amount to reversible error because the evidence was duplicative of other evidence admitted without objection; the jury was instructed to ignore the statement; the defense presented contradictory testimony; and there was a plethora of evidence of Martin's guilt. We agree with the State.

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

In this case, in response to A.B.'s direct examination testimony regarding the arguing and fighting on Saturday evening, defense counsel questioned A.B. on cross-examination as follows:

Defense:    And when you talked to the detectives the first two times, you didn't tell the officers anything about [Martin] being violent with Michelle; right?

A.B.:    I don't recall if I did or not.

Defense:    Okay. So you don't remember what you told the detectives when you talked to them?

A.B.:    The very first few conversations I was just giving them very brief details about what happened.

I know that the first time that I had sat down with Detective Bowman at my house I had told him about what had happened and how the conversation went between [Martin] and Michelle and the arguing and the violence.

In addition, and as set forth above, the prosecutor questioned A.B. during redirect examination about her failure to resist during the second encounter asking, "Did you feel that you would win in a fight with [] Martin if you decided to claw, punch and scream?" In response, A.B. stated, "No. And after seeing how he was violent with his wife the night before, I didn't think that that would be--." Martin objected to A.B.'s statement. The district court sustained the objection and instructed the jury to disregard A.B.'s statement. Thereafter, the court recessed and Martin moved for a mistrial based on A.B.'s statement. Martin argued that a mistrial was warranted because the statement was "highly prejudicial and not part of this case." After allowing the State to present argument, the district court ruled as follows:

There's evidence certainly in the original direct exam about the complication between the defendant and his wife. My recollection of what the witness said at the tail end while not responsive, didn't, I think, materially add to that. There was no objection to that original testimony about that interaction between the defendant and his wife.

I think it is relevant to explaining why she may have not struggled or physically resisted more. I don't think it offends 403. I don't think that the probative value is substantially outweighed by the danger or unfair prejudice.

I am going to deny the motion for mistrial. The - I'll leave it up to the defense whether they want me to specifically remark on that in the closing instruction. They have been instructed once to disregard it. I am happy to repeat the admonition during the closing instructions specifically about that, but I guess I'm going to leave it up to you whether or not you think that that's going to draw attention to it. . . .

I want to clarify. I sustained the objection because I thought that the witness's answer was nonresponsive. The content of the answer was--while it was nonresponsive, it wasn't--I don't think it was particularly prejudicial beyond the evidence that already had been adduced on that point.

4

Thereafter, Martin renewed his motion for mistrial arguing that the statement was improper under Idaho Rule of Evidence 404(b). Again, the district court denied Martin's motion. Martin did not request that the district court provide the jury with a second limiting instruction.

We conclude that the district court did not err by denying Martin's motion for a mistrial. Martin has not demonstrated that there was a continuing impact on the trial that amounts to reversible error. As the district court explained, A.B.'s statement indicating that Martin was violent with Michelle after Michelle witnessed the Saturday evening event was duplicative of evidence that was already admitted at trial without objection. Specifically, prior to the statement in question, A.B. testified on direct examination that Martin and Michelle were screaming, arguing, and fighting with each other after Michelle walked into the house and saw Martin naked standing over A.B. in the living room. In addition, during cross-examination, it was defense counsel that questioned A.B. regarding Martin's violence with Michelle. In doing so, defense counsel elicited testimony from A.B. that A.B. in fact did report the "arguing and the violence" between Martin and Michelle. Defense counsel's question and A.B.'s response further clarified that violence occurred on Saturday evening. Martin's contention that the testimony he solicited and the struck testimony are "vastly different" is unpersuasive. Thus, A.B.'s later statement indicating that Martin was violent with Michelle after the Saturday evening event was duplicative of A.B.'s previous testimony and did not have a continuing impact on the trial.

Moreover, immediately after A.B.'s statement and Martin's objection, the district court instructed the jury to disregard A.B.'s statement. It is presumed that the jury followed these instructions and there is no evidence in the record to the contrary. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997). Thus, even if A.B.'s statement was prejudicial, the district court's instruction for the jury to disregard A.B.'s statement cured any possible prejudice.[1] Accordingly, the district court did not err by denying Martin's motion for a mistrial.

---

[1] The State also argues that the statement did not have a continuing impact on the trial because the defense presented contradictory testimony, and there was a plethora of evidence of Martin's guilt. While we have determined that the district court did not err in denying the motion for mistrial, we note that the district court did not sustain the objection on lack of relevance, but unresponsiveness. Moreover, the evidence of guilt was substantial. In addition to the facts set forth above, as to the Saturday night events, A.B. thanked Michelle for keeping Martin away from her after Michelle walked in on the scene. Michelle apologized. As to Sunday, law enforcement encouraged A.B. to engage in a confession call with Martin regarding the rape allegation. Consequently, A.B. called Martin and recorded the conversation. The recording was admitted at trial as State's Exhibit 2. During the conversation, Martin apologized

**B.      Excessive Sentence**

Martin argues that the district court erred by imposing an excessive sentence. Specifically, Martin contends that the court failed to consider and give appropriate weight to various mitigating factors including Martin's support system, employment opportunities, willingness to participate in sex-offender treatment, and lack of a criminal history.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

As noted above, the district court sentenced Martin to twenty years imprisonment with six years determinate for the rape conviction, and a concurrent sentence of ten years with six years determinate for the battery with intent to commit a serious felony conviction. The sentence imposed by the district court was not unreasonable upon review of the facts of the case. The district court expressly considered the facts of the case, Martin's lack of criminal history, the presentence investigation report, and each sentencing objective before imposing Martin's sentence. When addressing the facts of the case, the district court explained that Martin's criminal conduct was "aggravated by the fact that time separated these two events. [Martin] had

---

to A.B. for the events. In addition, Martin stated that, when pulling A.B. over, Martin just intended to talk to A.B. but he got carried away. He added that afterwards he asked himself "what the fuck did I just do?" Ample evidence supported the jury's verdict.

time to reconsider and [he] chose, in the exercise of [his] own free will uninfluenced by alcohol, in the second event to commit this really heinous offense." The district court recognized that the psychosexual evaluator scored Martin at a moderate risk to reoffend and also stated that Martin was amenable to sex-offender treatment. However, the court did not find that Martin accepted responsibility for his actions or made a credible expression of remorse for the harm Martin caused the victim. The court explained that Martin's failure to accept responsibility in the presentence investigation report, Martin's statement to the psychosexual evaluator that he "did not perceive himself to be a sexual offender," and his statements to the court at sentencing minimizing harm to the victim were concerning and warranted the sentence imposed. We agree. Martin has failed to demonstrate that the sentence was unreasonable. Based upon an independent review of the record, we conclude that the sentence imposed was adequate to protect societal interests and further the sentencing objectives; thus, the district court did not abuse its discretion in imposing Martin's sentence.

### III.
### CONCLUSION

Martin has not shown that the district court erred by denying his motion for mistrial or by imposing an excessive sentence. Accordingly, we affirm the district court's order denying Martin's motion for mistrial. In addition, we affirm the district court's judgment of conviction and sentences for rape and battery with the intent to commit a serious felony.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

7