**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50453**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 4, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JONATHAN RYAN HARRIS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

TRIBE, Judge

Jonathan Ryan Harris appeals from his judgment of conviction for possession of a controlled substance. Idaho Code § 37-2732(c)(1). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Following a period of retained jurisdiction for two unrelated criminal cases,[1] Harris was placed on probation and signed a Department of Correction Agreement of Supervision. Thereafter, a probation officer conducted a warrantless search of Harris' residence and found fentanyl and plastic straws. Harris was charged with possession of a controlled substance and unlawful possession of drug paraphernalia. Harris filed a motion to suppress the evidence obtained during the search. A hearing was held on the motion to suppress where the district court took judicial

---

[1] Harris was convicted of possession of a controlled substance and battery-domestic violence inflicting traumatic injury.

1

notice of the judgments of Harris' two prior convictions with the attached agreements of supervision. The district court denied the motion to suppress. Pursuant to a plea agreement Harris pled guilty to possession of a controlled substance and the possession of drug paraphernalia charge was dismissed. Harris appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Harris argues that the district court erred in denying his motion to suppress because the scope of his consent was limited. He argues that he only waived his Fourth Amendment rights against warrantless searches, not his rights under Article I, section 17 of the Idaho Constitution. The State argues that Harris' waiver invoked Article I, section 17 of the Idaho Constitution, as it is Idaho's parallel provision to the Fourth Amendment to the United States Constitution. The State further argues that, even if the waiver did not specifically address the Idaho Constitution, the agreement of supervision Harris signed would still encompass his rights under Article 1, section 17 of the Idaho Constitution.

The district court found that Harris received notice at sentencing that a Fourth Amendment waiver would be a condition of his probation and he signed and agreed to that. Further, the district court found the language of the waiver sufficient to constitute a waiver of rights under the Fourth Amendment to the United States Constitution and Article 1, section 17 of the Idaho Constitution. We agree.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the

2

Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). Article 1, section 17 of the Idaho Constitution provides a similar prohibition.[2] The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Weaver*, 127 Idaho at 290, 900 P.2d at 198. Consent is a well-recognized exception to the warrant requirement. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998).

In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

Harris does not argue his agreement of supervision was entered into involuntarily or as a product of coercion. The consent occurred when he signed the agreement of supervision, initialing next to the section that reads:

> SEARCH: I consent to lawful searches by any agent of the IDOC and understand that searches may be conducted of my person, residence, vehicle, personal property, and other real property or structures owned or leased by me, or for which I am the controlling authority. I hereby waive my Fourth Amendment rights under the Idaho and United States Constitutions concerning searches.

In agreeing to transition from the period of retained jurisdiction to probation, Harris agreed to the terms and conditions of probation, which included consenting to warrantless searches. Harris' signature on the agreement of supervision is adequate consent to warrantless searches.

---

[2]    The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause shown by affidavit, particularly describing the place to be searched and the person or thing to be seized. IDAHO CONST. art. 1, § 17.

Harris' argument hinges on the agreement of supervision failing to specifically reference Article 1, section 17 of the Idaho Constitution, thereby making his consent solely a waiver of his Fourth Amendment rights without waiving his rights under Article 1, section 17 of the Idaho Constitution. This argument fails. Harris' signature on the supervision agreement demonstrates an explicit waiver of his rights under the "Idaho and United States Constitutions concerning searches."

Even if the search waiver Harris signed had not specifically referred to the Idaho Constitution at all, his waiver under the Fourth Amendment would have encompassed Article 1, section 17 of the Idaho Constitution. In *State v. Pool*, 172 Idaho 47, 52, 529 P.3d 712, 717 (2023), the Idaho Supreme Court held that, where "the protections against unlawful searches provided by the Fourth Amendment and Article I, section 17 are coextensive, a probationer's valid waiver of her rights under one constitutional provision constitutes consent to conduct covered by both constitutions." In his case, Harris made no argument that the rights provided by the Fourth Amendment and Article I, section 17 are not coextensive. Therefore, Harris' waiver of his rights under one constitutional provision constitutes consent to conduct covered by both constitutions and as a result, the district court did not err in denying the motion to suppress.

## IV.

## CONCLUSION

Harris has failed to show that the district court erred by denying his motion to suppress. Therefore, Harris' judgment of conviction for possession of a controlled substance is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.