# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50814

<table>
<tr><td>

In the Interest of: John Doe (2023-23),<br>
Juvenile Under Eighteen (18) Years of Age,

**STATE OF IDAHO,**

      **Petitioner-Respondent,**

v.

**JOHN DOE (2023-23),**

      **Respondent-Appellant.**

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

**Filed: October 16, 2024**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

</td></tr>
</table>

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Cathleen MacGregor Irby, Magistrate

Order of the district court on intermediate appeal affirming the magistrate court's order denying motion to suppress, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

John Doe (2023-23) appeals from an order of the district court on intermediate appeal affirming the magistrate court's order denying Doe's motion to suppress. Specifically, Doe argues the motion to suppress should have been granted because Doe's consent was involuntary based on an officer's false or erroneous statements regarding seizing a backpack to obtain a warrant. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Esparza responded to a report of graffiti on a slide in a subdivision playground. When Officer Esparza arrived, Officer Johnson had located two male juveniles that had been

1

previously identified by a reporting party as the individuals involved in the vandalism. Officer Esparza asked Doe if he had spray-painted the slide. Doe responded, "No." Officer Esparza explained to Doe that, based on the information provided by the reporting party, he believed that evidence of the crime may exist in Doe's backpack. Officer Esparza then asked if he could search Doe's backpack, to which Doe responded, "No." Officer Esparza was unsure whether Doe fully understood the situation, and Doe acknowledged he did not understand the idea of consent to search his backpack.

Officer Esparza explained that Doe could give him consent to search the backpack or Officer Esparza would seize the backpack as it could possibly contain evidence of a crime. Officer Esparza continued by advising Doe that if he did not consent to a search, he would secure the backpack and apply for a warrant. At this point, Doe agreed to let Officer Esparza search the backpack. Upon searching the backpack, Officer Esparza located a spray paint can top and drug paraphernalia.

The State charged Doe with possession of drug paraphernalia, Idaho Code § 37-2734A(1), and injury by graffiti, I.C. § 18-7036. Doe filed a motion to suppress, arguing that Officer Esparza unlawfully seized or searched Doe's backpack, and that Doe's consent was involuntary because of Officer Esparza's false and erroneous statement that he could seize the backpack without a warrant. The magistrate court held a suppression hearing. Officer Esparza and Doe were the only witnesses to testify at the hearing. Officer Esparza's body camera footage was admitted as evidence. The magistrate court denied the motion to suppress. The magistrate court found that Officer Esparza had a reasonable and articulable basis to suspect Doe was engaged in criminal activity based on the information provided by the reporting party. Additionally, the magistrate court found that, since Officer Esparza had probable cause to obtain a search warrant, Officer Esparza's statements about seizing the backpack were not false or erroneous; thus, Doe's consent was not involuntary.

Doe appealed to the district court. The district court affirmed the magistrate court's decision. Doe again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's

2

conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

### III.

### ANALYSIS

Doe argues that his consent to search his backpack was involuntary "because it followed the officer's false statement that he could seize the backpack without a warrant and without consent." Doe's claim centers on the officer's statement that he could take the backpack to the police station while applying for and obtaining a search warrant. The State responds that the district court correctly affirmed the magistrate's denial of Doe's motion to suppress because "the officer did not make any statements that would affect the voluntariness of Doe's consent" and Doe's consent was not coerced.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches. U.S. CONST. amend. IV. Warrantless searches are presumptively unreasonable. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search "either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances." *Id*. Consent is a well-recognized exception to the Fourth Amendment's warrant requirement. *State v. Rios*, 160 Idaho 262, 265, 371 P.3d 316, 319 (2016). The State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App.

3

1997).  The State must show that consent was not the result of duress or coercion, either direct or implied.  *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993).  The voluntariness of an individual's consent is evaluated in light of all the circumstances.  *Whiteley*, 124 Idaho at 264, 858 P.2d at 803.  Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances.  *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

After Officer Esparza told Doe that he could consent or the officer would take his backpack and hold onto it until he obtained a warrant, Doe indicated he was confused.  Officer Esparza then stated:

> Right, so here's the thing.  One, right here, with all of us, okay.  I look through your backpack when you're standing right here with me, okay, and we see if there's spray paint in there that could corroborate these people's story. . . .  Otherwise, yes, I do take your backpack.  I don't look in it, but I take your backpack and I take it back to the police department.  I seal it up there and then I write a judge a warrant to look through your backpack to see if that evidence is there.  So, then you don't get to leave with your backpack. . . .  Now, you know, I don't want to do that because I don't want you to go without whatever is in your backpack that belongs to you that doesn't matter to me, okay?

Thereafter, Doe consented to the search of the backpack.  The voluntariness of consent is not impaired simply because one is faced with two unpleasant choices.  *State v. Abeyta*, 131 Idaho 704, 963 P.2d 387 (Ct. App. 1998).

The magistrate court found the officer had probable cause for a warrant based upon the facts known to the officer at that time of the encounter with Doe.  Doe does not dispute that the officer had probable cause to obtain a warrant.  The magistrate court also determined that the officer had authority to seize the backpack until a warrant could be obtained.  Doe also does not dispute the legal proposition that officers may secure property while they are waiting to obtain a search warrant.  Citing *Illinois v. McArthur*, 531 U.S. 326, 330 (2001), Doe acknowledges that "the officer could have remained with John Doe during the period of time it took to obtain a telephonic warrant, thus ensuring that John Doe would not be able to destroy any evidence."  Doe argues, however, that the officer could not seize the backpack and take it to the police station while

4

waiting for a warrant.[1] Thus, his statement to Doe that he could do so was false which rendered Doe's consent involuntary.

This Court has previously addressed whether an officer's statement that he will obtain a search warrant absent consent renders subsequent consent involuntary. *See State v. Ballou*, 145 Idaho 840, 186 P.3d 696 (Ct. App. 2008). In *Ballou*, an officer told Ballou's wife that if she refused to consent to the officer's search of the apartment for Ballou, the officer could "detain [the wife] in handcuffs, put her in the patrol car, and watch the house until [the officer] got a warrant." *Id.* at 844, 186 P.3d at 700. The wife ultimately allowed the officers to search the apartment, yielding burglary tools and stolen goods. *Id.* Ballou sought to suppress the evidence found during the search, arguing that "his wife's consent was not freely and voluntarily given." *Id.* This Court held:

> [T]he officers had probable cause to obtain a warrant to search the apartment for Ballou based on the offense of felony eluding. Thus, the officers were not responding falsely or erroneously regarding the ability to get a warrant when they first spoke to Ballou's wife. . . . Furthermore, we are not persuaded that the officer's statement to Ballou's wife that, if she refused consent to search, she would be handcuffed and detained rendered her consent involuntary. If Ballou's wife had denied the officer's initial request to enter the apartment and search for Ballou, then the officers would have been justified in precluding her from returning to the apartment where she potentially would have been able to destroy evidence.

*Id.* at 848-49, 186 P.3d at 704-05. Thus, under *Ballou*, a statement that an officer will obtain a search warrant does not render consent involuntary if the officer does not falsely or erroneously represent that they have probable cause to obtain the warrant.

Doe argues that his consent would not have been involuntary if Officer Esparza had told him he would have to wait, without access to his backpack, while the officer obtained a telephonic warrant from the magistrate. But, according to Doe, his consent was rendered involuntary by the officer's statement that he could seize the backpack and take it to the police department without a warrant. Other than reference to the Fourth Amendment, Doe cites no authority for the proposition that the officer lacked authority to take the backpack to the police station to await a warrant.

---

[1] The State contends that Doe's argument that the Fourth Amendment would be violated if his backpack was taken to the police station is not preserved. We disagree. Doe's argument in support of his motion to suppress fairly encompassed the assertion that the officer's representation that he could take Doe's backpack to the police station while waiting for a warrant was legally incorrect and, as such, affected the voluntariness of Doe's consent.

Absent argument or authority from which to conclude that the Fourth Amendment precludes moving property otherwise properly seized, we decline to hold the district court erred in affirming the magistrate court's decision on this basis. Here, whether the backpack was seized and taken to the police station while waiting for the warrant or Doe was seized and detained while waiting for a telephonic warrant has not been shown to make a difference as to the voluntariness of Doe's consent. Doe would not have access to the backpack while a warrant was obtained in either scenario.

Even so, while a defendant's consent is more likely to be found involuntary if contaminated by an officer's false or erroneous statement regarding a warrant or his ability to obtain one, it is not automatic. *See Ballou*, 145 Idaho at 848, 186 P.3d at 704. The magistrate court found that Doe's consent was not affected by the officer's statement. The district court correctly affirmed the magistrate court's denial of Doe's motion to suppress.

## IV.

## CONCLUSION

Doe has failed to show error in the magistrate court's conclusion that Doe's consent to search was voluntary. Accordingly, the district court's order affirming the magistrate court's denial of Doe's motion to suppress is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.